UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLI L. THORNE,

        Plaintiff,

Case No. 1:05-CV-626

Hon. Gordon J. Quist

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

On June 21, 2006, the court reversed and remanded this matter to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g). This matter is before the court on plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (docket no. 12). For the reasons stated below, the undersigned recommends that plaintiff's motion be granted.

    **I.**    **Legal standard**

The Equal Access to Justice Act ("EAJA") provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

>  (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

Defendant objects to plaintiff's fee application on the ground that the government's position was substantially justified. "The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). "[U]nder the EAJA it is the government's burden to prove that its position was substantially justified." *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). The government's position is substantially justified

> if it is justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted).

EAJA fees are not available every time a Social Security claimant prevails, but only when the Commissioner's position lacks "a reasonable basis in law and fact." *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006). "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose"). *Pierce*, 487 U.S. at 569. "[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to

defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999). *See, e.g., Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992) (although the court remanded ALJ's decision because the ALJ failed to articulate a more complete assessment of the relevant evidence regarding the claimant's disability onset date, such a remand "in no way necessitates a finding that the Secretary's position was not substantially justified").

### II. Discussion

### A. Plaintiff's EAJA claim

Here, the court adopted the undersigned's report and recommendation, which determined that the ALJ failed to properly develop the administrative record:

> Finally, plaintiff contends that the ALJ failed to properly develop the record. The court agrees.  In the present case, plaintiff was not represented by counsel at her November 1, 2004 hearing (AR 442, 444-45).  During the course of the hearing, plaintiff referred to her recent examination (October 14, 2004) by a physician at the University of Michigan (AR 459, 468, 482, 489). Plaintiff testified that the physician felt that her problem involved neuropathy  (AR 468).  In addition, the October 6, 2004 treatment notes from Dr. Mankoff's office state that plaintiff had an appointment in two weeks at the University of Michigan  "for a second opinion for management options" (AR 430).
>
> Social Security proceedings are inquisitorial rather than adversarial.  ["]It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).  The ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants that are unrepresented by counsel.  *See Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986); *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983) (ALJ must scrupulously and conscientiously explore all the relevant facts when adjudicating claims brought by unrepresented claimant).  Here, the ALJ was made aware of the existence of medical records generated about two weeks before the administrative hearing. Given plaintiff's status as an unrepresented claimant, the ALJ had a special duty to develop the administrative record and ensure a fair hearing.  *See Duncan*, 801 F.2d at 856. "An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v.*

>           *Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).  *See generally*, 20 C.F.R. § 404.944.
>
>           Here, the ALJ should have obtained those records before issuing his decision. These records document plaintiff's most recent medical examination. If plaintiff had been represented by counsel, the court has little doubt that counsel would have requested to keep the record open to submit the October 14, 2004 medical records, and that the ALJ would have granted the request as a matter of course. Because the ALJ erred in his duty to fully develop the record, this matter should be reversed and remanded pursuant to sentence four of § 405(g). *See, e.g., Carter*, 73 F.3d at 1022. On remand, the ALJ should review the October 14, 2004 records.

Report and Recommendation (May 24, 2006) at 8-10 (footnotes omitted).

           Under these circumstances, the court concludes that the government's position was not substantially justified. Because the ALJ failed to discharge his special duty to develop the medical record for an unrepresented claimant, his decision was based upon an incomplete medical record and did not have a reasonable basis in fact. "Where an ALJ fails to develop the record to support its decision to deny benefits, the decision does not have a reasonable basis in fact, and is therefore, not substantially justified." *Godbey v. Massanari*, No. 99-c-2690, 2001 WL 1035205 at \*3 (N.D.Ill. Sept. 4, 2001). *See also Laine v. Heckler*, 602 F. Supp. 333, 335 (D. Kan. 1985) (government's position was not substantially justified where Secretary made no effort to develop evidence of unrepresented claimant's mental disability after being informed of additional evidence showing the claimant's mental retardation). Accordingly, plaintiff is entitled to an award of attorney fees and costs pursuant to the EAJA.

### B.     Calculation of EAJA award

### 1.     Hourly rate

Plaintiff's application seeks an award of fees in the amount of $3,848.13 and a filing fee in the amount of $250.00, for a total claim of $4,098.13. Plaintiff's fee request is based upon 23.50 hours of work performed at a rate of $163.75 per hour. Defendant contends that the fee request should be reduced as follows: (1) counsel's hourly rate should be adjusted to reflect the consumer price index (CPI) in effect at the time he performed the work; and, (2) counsel's time should be reduced by 1.58 hours for clerical work billed by counsel.

The EAJA provides for the award of reasonable attorney fees and other expenses as follows:

> "fees and other expenses" includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

28 U.S.C. § 2412(d)((2)(A)(ii).

In *East v. Barnhart*, 377 F. Supp. 2d 1170 (M.D. Ala. 2005), the court set forth the method for adjusting the statutory rate of EAJA fees due to increases in the CPI:

> To get this figure, subtract the CPI for the base year ["base CPI"], 1996 (the year the statutory ceiling was changed from $75 to $125), from the CPI for the period the court uses as the appropriate measure for adjustment ["adjustment CPI"] during which services were performed. . . The difference is then divided by the base CPI and then multiplied by 100 to arrive at the percent by which the CPI increased or decreased.

*East*, 377 F. Supp. 2d at 1171 n. 3. The court also discussed the significance of choosing an appropriate adjustment CPI:

5

> All of the Circuit courts outside the Eleventh Circuit that have addressed this issue have determined that basing an inflationary adjustment on the most recent CPI without regard to the time when services were actually provided imposes upon the government a charge for delayed payments, which is tantamount to interest and is impermissible absent an express legislative waiver. *Sorensen v. Mink*, 239 F.3d 1140, 1148-49 (9th Cir. 2001); *Kerin v. U.S. Postal Service*, 218 F.3d 185, 194 (2nd Cir. 2000); *Masonry v. Masters, Inc. v. Nelson*, 105 F.3d 708, 710-714 (D.C. Cir. 1997); *Marcus v. Shalala*, 17 F.3d 1033, 1038-40 (7th Cir. 1994); *Perales v. Casillas*, 950 F.2d 1066 (5th Cir. 1992); *Chiu v. U.S.*, 948 F.2d 711, 719-22 (Fed. Cir. 1991).

*East*, 377 F. Supp. 2d at 1171-72.[1]

After evaluating the caselaw, the court determined to utilize the "adjustment CPI" for the month "of the earliest accounting for plaintiff's counsel's time" on the case. *Id.* at 1177.

> Basing inflationary adjustments on the CPI at the time counsel agreed to represent the prevailing party in a particular case guarantees that the United States will not be charged interest. In addition, it most closely replicates ordinary hourly fee agreements, and because the EAJA does not supersede attorney-client contracts establishing mutually agreed-upon methods for calculating the reasonable charge for an attorney's services, this method will cause little if any hardship and will actually reduce the unwelcome surprise that may accompany a period of significant deflation. The time-honored judicious values of accuracy, consistency and predictability will be well-served.

*Id.* at 1176 -1177 (footnotes omitted). The undersigned agrees with this approach.

Here, counsel performed work from August 1, 2005 through June 21, 2006. *See* Counsel's time records attached to EAJA application. Counsel calculated his hourly rate based upon the consumer price index as it existed April 2006. *See* "Computation of EAJA Hourly Rate" attached to EAJA application as Appx. B. For the reasons stated above, counsel should have utilized the CPI for August 2005, the month he commenced work on plaintiff's case. The CPI for all urban

---

[1] As a general rule, "interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from the award of interest." *Library of Congress v. Shaw*, 478 U.S. 310, 311 (1986). The court notes that the EAJA contains an interest clause, which provides that, in the event the government appeals an attorney fee award, interest accrues "from the date of the award through the day before the date of the mandate of affirmance" of the award. 28 U.S.C. § 2412(f).

consumers in August 2005 was 196.4.  *See* United States Department of Labor, Bureau of Labor Statistics, web site at http://data.bls.gov/data.[2]  The difference between the adjustment CPI (196.4) and the base CPI of March 1996 (155.7) is 40.7.  This change in the CPI represents an increase of 26% (i.e., 40.7/155.7), and corresponds with an adjusted hourly rate of $157.50.  Accordingly, counsel is entitled to receive an award at the rate of $157.50 per hour.

### 2. Reduction for clerical time

The court agrees with defendant that counsel should not be awarded fees for his time spent performing clerical tasks.  *See Granville House, Inc. v. Department of Health, Education and Welfare*, 813 F.2d 881, 884 (8th Cir.1987) (attorney is not entitled to compensation at his regular hourly rate for work that could have been done by support staff).  *Cf. Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) (purely clerical or secretarial tasks should be not billed at a paralegal rate, regardless of who performs them).  However, after reviewing counsel's time records, the court finds no reason to reduce the requested hours.  The government objects to counsel's charge of 60 minutes for filing the complaint.  Based on counsel's records, it appears that he spent this time drafting and filing the complaint. Preparation of a complaint generally entails more than simply filling out the short complaint form.  Information must be gathered and checked for accuracy.  Auxiliary paperwork must be prepared (summons, cover sheet, financial affidavit or payment), signatures obtained, and the documents filed with the court.  One hour is not an unreasonable charge for providing those services.

In addition, the government objects to counsel's time charged for counsel's receipt of various notices. The court disagrees.  An attorney should monitor litigation developments.

---

[2] The CPI base period is 1982-1984 = 100.

7

Counsel's five-minute charges for "receipt and review" of various notices, pleadings and correspondence are reasonable.

Accordingly, the court concludes that counsel is entitled to an award of fees for the entire 23.50 hours requested.

### 3. EAJA award

Based on the foregoing, plaintiff is entitled to a fee award of $ 3,701.25 (i.e., 23.50 hours x $157.50) plus costs in the amount of $250.00, for a total award of $3,951.25.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's application for attorney fees and costs (docket no.12) be **GRANTED**, and that counsel be awarded attorney fees in the amount of $3,701.25 and costs in the amount of $250.00, for a total award of $3,951.25.


Dated: January 17, 2007  /s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).